IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-HC-2009-FL

| | | |
|---|---|---|
| ERIC PAPADAPOULOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TRACY JOHNS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the motion to dismiss, or in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56[1] (DE # 18) of respondent Warden Tracy W. Johns ("respondent"). The matter is ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF THE CASE

On January 21, 2009, petitioner Eric Papadapoulos ("petitioner") filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner alleges that the Federal Bureau of Prisons ("BOP") failed to credit his sentence for the period of time, April 2001 through May 6, 2004, that he served for a Georgia state court sentence that subsequently was vacated. Alternatively, petitioner alleges that his federal sentence should commence in June of 1999, when he was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum. Additionally, petitioner

---

[1] Because the parties have attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

alleges that his Georgia state sentence should be computed to run concurrent with his federal sentence.

On May 7, 2009, respondent filed a motion for summary judgment. Respondent argued that petitioner's petition should be dismissed for failure to exhaust administrative remedies. On May 20, 2009, petitioner filed a response to respondent's motion and a cross-motion for summary judgment. Petitioner thereafter filed a motion to impose sanctions pursuant to Rule 11, a notice of respondent's default on petitioner's Rule 11 sanctions motion, and notice of respondent's default on petitioner's summary judgment motion.

On November 30, 2009, the court issued an order indicating that it was unclear from the record whether petitioner completed the exhaustion process. Accordingly, the court directed petitioner to state whether he completed the exhaustion process. Petitioner filed a response on December 8, 2009.

On February 11, 2010, the court entered an order denying the motions for summary judgment filed by both petitioner and respondent. The court also denied petitioner's motion for Rule 11 sanctions. Finally, the court provided respondent additional time to file a motion for summary judgment addressing the merits of petitioner's claim.

On April 7, 2010, respondent filed a second motion for summary judgment, arguing that petitioner's claim is without merit. Petitioner filed a response on June 25, 2010. On July 9, 2010, petitioner filed a pleading captioned "statement of uncontroverted facts and conclusions of law."

On January 24, 2011, the court entered an order stating that additional evidence was needed to evaluate respondent's motion for summary judgment, and directed the parties to expand the record pursuant to Rule 7(a) of the Rules Governing Section 2254 cases. Respondent filed his response to

this court's January 24, 2011 order on March 4, 2011, and petitioner filed his response on March 10, 2011.

## STATEMENT OF FACTS

On October 19, 1998, petitioner was arrested by United States customs agents for possession of controlled substances. (Johnson April 6, 2010, Decl. ¶ 5.)[2] Petitioner subsequently was released on bond on an unknown date. (Id.) Petitioner was arrested for the second time by United States customs agents on November 10, 1998, for possession with the intent to distribute cocaine. (Id. ¶ 6.) Petitioner was released on bond that same date. (Id.)

On May 18, 1999, petitioner was arrested, by the Bryan County Sheriff's Office in Georgia, for the state offense of trafficking in cocaine, methamphetamine, illegal drugs, and marijuana. (Id. ¶ 7.) On June 14, 1999, the United States Marshals Service took petitioner into custody pursuant to a writ of habeas corpus ad prosequendum. (Id. ¶ 8.) Petitioner then was prosecuted in the United States District Court for the Western District of North Carolina on the charge of possession with intent to distribute cocaine base. (Id. ¶¶ 8-9.) Petitioner pleaded guilty to his federal charge, and on October 27, 1999, was sentenced to a term of one hundred twenty (120) months imprisonment. (Id. ¶ 9 and Attach. 6.) On January 11, 2000, petitioner was returned to the Georgia state authorities. (Id.) The United States Marshals Service filed a detainer, regarding petitioner, with the State of Georgia, pursuant to the federal judgment. (Id.)

On March 6, 2000, petitioner was sentenced in Georgia's Bryan County Superior Court to a term of fifteen (15) years imprisonment for possession of cocaine with the intent to distribute. (Id. ¶ 10.) Petitioner also was sentenced to a twelve (12) month term of imprisonment for giving a false

---

[2] J.R. Johnson submitted a declaration in support of respondent's motion for summary judgment.

3

name. (Id.) The Bryan County Superior Court ordered that petitioner's state sentence run consecutive to his previously imposed federal sentence. (Id.) Petitioner received prior custody credit toward his state sentence from the date of his arrest on May 18, 1999, through the day before he was released to the United States Marshals Service pursuant to the writ of habeas corpus ad prosequendum on June 14, 1999. (Id.) He also received prior custody credit toward his state sentence from the date he returned to state custody from the writ on January 11, 2000, through the date his Georgia state sentence was imposed on March 6, 2000. (Id.)

On February 13, 2001, petitioner was transferred to federal custody pursuant to a writ of habeas corpus. (Johnson March 4, 2011, Decl. ¶ 20.) On April 19, 2001, the Georgia Court of Appeals vacated petitioner's sentence. (Johnson April 6, 2010, Decl. ¶ 11 and Attach. 7 p. 1.) On March 30, 2004, petitioner was released from federal custody, via a "return of the writ." (Johnson March 4, 2011, Decl. ¶ 20, attach. 3.) On May 5, 2004, the Bryan County Superior Court re-sentenced petitioner to a term of ten (10) years imprisonment, with five years and two months suspended, requiring him to serve four years and ten (10) months. (Johnson April 6, 2010, Decl. ¶ 11 and Attach. 7 p. 1.)

On May 6, 2004, the Bryan County Superior Court vacated the May 5, 2004 order and re-sentenced petitioner to "time-served." (Id. ¶ 12 and attach. 8.) On June 1, 2004, the State of Georgia released petitioner to the custody of the United States Marshals Service. (Id.)

Following his transfer to the Bureau of Prisons' ("BOP") custody, the BOP calculated petitioner's sentence. The BOP commenced petitioner's federal sentence on May 6, 2004. (Id. ¶ 13.) The BOP provided petitioner with prior custody credit from the date of his initial arrest on October 19, 1998 until his November 10, 1998, release on bond. (Id.) The BOP also granted petitioner prior

4

custody credit from the date he was temporarily released to the United States Marshals Service on June 15, 1999, through the date he was returned to the Georgia Department of Corrections on January 11, 2000. (Id.)

As part of petitioner's sentence computation, the BOP considered whether petitioner was entitled to a nunc pro tunc designation pursuant to Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990). (See Johnson April 6, 2010, Decl. ¶ 22.) On June 9, 2005, the BOP contacted the United States District Court for the Western District of North Carolina for a recommendation on a concurrent designation for petitioner's federal sentence. (Id. ¶ 23, attach 15.) The federal sentencing judge responded that a concurrent designation would not be appropriate, given that the Georgia state court sentencing judge stated that the sentences were consecutive. (Id.) Moreover, the sentencing judge stated that he did not recommend that a defendant receive credit for time spent in custody where credit was not authorized by 18 U.S.C. § 3585(b). (Id.) After reviewing petitioner's case, the BOP denied his request for a nunc pro tunc designation. (Id. ¶24, attach 16.) Accordingly, the BOP construed petitioner's federal sentence to be consecutive to his Georgia State sentence. (Id.) Petitioner is scheduled to be released from BOP custody on June 22, 2012. (Id.)

## DISCUSSION

I.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the

5

nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

II. Analysis

    A. Concurrent or Consecutive Sentence

Petitioner contends that his sentences from the United States District Court for the Western District of North Carolina and his Georgia state court conviction run concurrently, and not consecutively. Title 18 U.S.C. § 3584(a) states that "[m]ultiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." It is the second sentencing judge who determines how the sentences should run because at the first sentencing the issue does not arise. Luther v. Vanyur, 14 F. Supp.2d 773, 776 (E.D.N.C. 1997); Romandine v. United States, 206 F.3d 731, 737-38 (7th Cir. 2000).

Here, petitioner's state and federal sentences were imposed at different times. The second sentencing court was the Bryan County Superior Court. The Bryan County Superior Court initially ordered that petitioner's Georgia state court sentence was to run consecutive to his previously imposed federal sentence. (See Johnson April 6, 2010, Decl. ¶ 10, and attach. 4.) The Bryan County Superior Court's sentence on re-sentencing was silent with regard to whether it was concurrent or consecutive to petitioner's federal sentence. Accordingly, petitioner's state and federal sentences run

6

consecutively, and respondent is entitled to summary judgment for this claim. See United States v. Carter, No. 6:05-CR-15, 2011 WL 720667, *7 (W.D. Va. 2011) (unpublished).

B.   Retroactive Designation

Petitioner seeks review of the BOP's rejection of his request to designate, nunc pro tunc, the state facility where he served his state sentence as the place for service of his federal sentence. The BOP "may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted." 18 U.S.C. §3621(b); see United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998). When the BOP nunc pro tunc designates an inmate's prior facility of state custody as the place of federal custody, the time served in state custody is credited against the time he must serve on his federal sentence. See Trowell v. Beeler, 135 Fed. Appx. 590, 593-94 (4th Cir. 2005) (unpublished). The nunc pro tunc designation essentially has the effect of causing the state and federal sentences to run concurrently. See id. The BOP has wide discretion to grant or deny an inmate's request for nunc pro tunc designation. See Trowell, 135 Fed. Appx. at 593.

In evaluating an inmate's request for a nunc pro tunc designation, the BOP must "take[] into account all applicable factors in [18 U.S.C. §] 3621(b)." Id. at 596. These factors include:

(1)   the resources of the facility contemplated;
(2)   the nature and circumstances of the offense;
(3)   the history and characteristics of the prisoner;
(4)   any statement made by the court that imposed the sentence–

    (A)   concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
    (B)   recommending a type of penal or correctional facility as appropriate; and

7

>     (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). If, in making its determination on nunc pro tunc status, the BOP conducted an individualized review and analyzed the five factors prescribed by 18 U.S.C. § 3621, then habeas corpus relief from the BOP's decision is unavailable. Nale v. Stansberry, No. 1:08-CV-823, 2009 WL 1321507 at *4 (E.D. Va. May 11, 2009) (unpublished).

In this case, petitioner has not demonstrated that the BOP denied his request for nunc pro tunc designation arbitrarily. Rather, the evidence presented by the respondent reflects that the BOP denied petitioner's request on July 27, 2009, after conducting an individualized review and analyzing the five factors. In particular, the BOP based its denial upon the nature and circumstances of petitioner's offenses as well as the history and characteristics of petitioner. Finally, the BOP sent petitioner's federal sentencing judge a letter regarding petitioner's request for nunc pro tunc designation, and the sentencing judge responded that he did not recommend a retroactive concurrent designation. (See Johnson April 6, 2010, Decl. ¶ 23, and attach. 15.) Based upon the foregoing, it is apparent that the BOP's analysis of petitioner's request for nunc pro tunc designation was based upon an individual review and consideration of the five statutory factors. Accordingly, the BOP did not abuse its discretion in denying petitioner's request for nunc pro tunc designation, and respondent is entitled to summary judgment.

C.  Sentencing Computation Issues

In calculating a federal sentence, the BOP[3] considers two issues: (1) when the federal sentence commenced, and (2) the extent to which the defendant may receive credit for time spent

---

[3] The United States Attorney General has delegated authority to the BOP to grant credit for time served. See 28 C.F.R. § 0.96; United States v. Wilson, 503 U.S. 329, 335 (1992).

in custody prior to commencement of the sentence. See 18 U.S.C. § 3585; see also Rudd v. DeWalt, No. 5:03-HC-713-BO, 2004 WL 3246979, *2 (E.D.N.C. July 19, 2004) (unpublished). A term of imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

1. Commencement of Federal Sentence

"When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence." Evans, 159 F.3d at 911-12. "'If [the Attorney General] chooses to leave [an individual] in the custody of [the state] . . ., neither [the individual] nor this court is in a position to say [the Attorney General] lacks the authority under the Constitution to do so.'" Ross v. Warden of FCI Edgefield, No. 9:07-3261-CMC-GCK, 2008 WL 2330217, at *4 (D.S.C. June 4, 2008) (unpublished) (quoting Poland v. Stewart, 117 F.3d 1094, 1098 (9th Cir. 1997)).

Petitioner first asserts that his federal sentence began on June 14, 1999, when he was transferred to federal custody pursuant to a writ of habeas corpus ad prosequendum. "[A] writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works as a 'mere loan of the prisoner to federal authorities' and does not effectuate a change in custodian for purposes of the federal statute . . . ." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (quotation omitted) (alterations omitted). "Principles of comity require that when the writ of habeas corpus ad prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912 (emphasis removed).

In this case, petitioner was transferred to federal custody on June 14, 1999, pursuant to a writ of habeas corpus ad prosequendum, for the purposes of being prosecuted on federal charges

9

in the Western District of North Carolina. (Johnson April 6, 2010, Decl. ¶ 8.) On October 27, 1999, petitioner was sentenced in the United States District Court for the Western District of North Carolina. (Id. ¶ 9.) Petitioner then was returned to Georgia state authorities on January 11, 2000, and the United States Marshals Service filed a detainer with Georgia authorities regarding petitioner, based upon the federal judgment. (Id.) On March 6, 2000, the State of Georgia sentenced petitioner and petitioner remained in the state of Georgia's custody so that he could serve his state sentence. (Id.) Although the federal sentence was imposed before the state sentence, petitioner had not been received at a federal correctional facility to begin serving his federal sentence, and Georgia retained primary jurisdiction.[4] See 18 U.S.C. § 3585(a); Trowell, 135 Fed. Appx. at 594 n.2. Moreover, petitioner could not have been serving his federal sentence on June 14, 1999, because he was not sentenced on his federal conviction until October 27, 1999. See Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) ("[A] federal sentence cannot commence prior to the date it is pronounced.") (quotation omitted). Based upon the foregoing, petitioner's federal sentence did not begin on June 14, 1999, when he was borrowed by the federal court pursuant to a writ of habeas corpus ad prosequendum.

Petitioner also alleges that his federal sentence began on April 19, 2001, when his Georgia state court sentence was vacated. Although petitioner's sentence was vacated, his underlying conviction was not. Papadoupalos v. Georgia, 249 Ga. App. 300 (Ga. App. 2001). Petitioner was

---

[4] Primary jurisdiction over a person generally is determined by which sovereign, state or federal, first obtains custody of, or arrests, the person. Trowell v. Beeler, 04-6531, 135 Fed. Appx. 590, *2 n.2 (4th Cir. May 19, 2005) (unpublished). Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail; 2) dismissal of charges; 3) parole; or 4) expiration of sentence. See United States v. Cole, 416 F.3d 894, 896-897 (8th Cir. 2005); McCollough v. O'Brien, No. 7:06-CV-712, 2007 WL 2029308, *1 (W.D. Va. July 10, 2007) (unpublished).

In this case, the United States obtained primary jurisdiction over petitioner on October 19, 1998, when he was arrested for possession of controlled substances. He remained in federal custody until November 10, 1998, when he was released on bond. When he was released on bond, the federal government relinquished its primary jurisdiction over petitioner.

10

re-sentenced in the Georgia state court on May 5, 2004 to a term of ten (10) years imprisonment, with five years and two months suspended. Then, the next day, the Georgia state sentencing court vacated its May 5, 2004 order, and sentenced petitioner to time served. (Johnson April 6, 2010, Decl. ¶¶ 11-12 and attachs. 7 and 8.) The language of the Georgia state court's orders re-sentencing petitioner make clear that he still was in state custody serving his state sentence until he was released from state custody on May 6, 2004. Because petitioner's state and federal sentences ran consecutively, his federal sentence did not commence until May 6, 2004, the date he was released from his Georgia state sentence. The temporary transfers of petitioner to federal custody prior to the end of his state court sentence are of no legal consequence. See, e.g., Free v. Miles, 333 F.3d 550, 554 (5th Cir. 2003) (finding the rule against piecemeal incarceration does not apply where an inmate's total time of incarceration in both state and federal prisons will not be increased by the inmate mistakenly serving the first six months of his federal sentence prior to completing the service of his state sentence); Cannon v. Deboo, No. 5:08cv69, 2009 WL 692148, * 8-9 (N.D.W. Va. Mar. 13, 2009) (unpublished) (finding state court did not relinquish primary jurisdiction when the petitioner was erroneously transferred to federal authorities without a writ of habeas corpus ad prosequendum); Waters v. O'Brien, No. 7:08-CV-555, 2009 WL 2016293, *4 (W.D. Va. July 9, 2009) (unpublished), aff'd, 368 Fed. Appx. 379 (4th Cir. 2010). Based upon the foregoing, respondent is entitled to summary judgment for this claim.

2. <u>Prior Custody Credit</u>

Title 18 U.S.C. § 3585(b) requires credit for certain pre-sentence custody. Specifically, § 3585(b) provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–

> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Id. The petitioner cannot, however, receive credit on a term of imprisonment that already has been awarded on another sentence. See 18 U.S.C. § 3585(b); Dais v. La Manna, No. 9:05-2797, 2006 WL 2642604, *6 (D.S.C. Sept. 13, 2006) (unpublished), aff'd, 224 Fed. Appx. 292, 2006 WL 2642604 (4th Cir. Apr. 24, 2007) (unpublished).

Petitioner argues that he is entitled to prior custody credit for the time period of April 2001 through May 6, 2004,[5] during which he temporarily was in federal custody pursuant to a writ of habeas corpus. Because he received credit on his Georgia state sentence for this time period, he was not entitled to double credit on his federal sentences. Thus, respondent is entitled to summary judgment for this claim.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 18) is GRANTED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 22 day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

---

[5] It appears that petitioner physically was in federal custody from February 20, 2001 through March 30, 2004.

12